# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-473-DCK

| | |
|---|---|
| OWEN HARTY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMERCIAL NET LEASE REALTY )<br>LP LTD., a Delaware Limited Liability )<br>Company, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Complaint" (Document No. 13); Plaintiff's "Motion To File Amended Complaint" (Document No. 21); and Plaintiff's "Notice Of Voluntary Dismissal Without Prejudice As To Commercial Net Lease Realty LP, *Only*" (Document No. 22). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate disposition of the pending motions is appropriate. After careful consideration of the record, the motions and briefs, and applicable authority, the undersigned will grant the motion to dismiss and deny the motion to amend.

## I. BACKGROUND

Plaintiff Owen Harty ("Plaintiff") filed his "ADA Title III Complaint" ("Complaint") with this Court on November 4, 2009. (Document No. 1). Plaintiff thereby brought suit against Defendant Commercial Net Lease Realty LP Ltd. ("Defendant") for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"). Id. In its most pertinent part, Plaintiff's Complaint alleges that Defendant "owns, leases, leases to, or operates a place of public accommodation as defined by the ADA" known as

Denny's Restaurant, located at 4541 Sunset Road, Charlotte, North Carolina. Id. at ¶ 6. Plaintiff contends that Defendant has discriminated against him through numerous violations of the ADA. Id. at ¶ 9.

The pending "Motion To Dismiss Complaint" was filed February 2, 2010, along with an affidavit and memorandum in support. (Document Nos. 13-15). Defendant's motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(4), (b)(6) and (b)(7) seeks an Order dismissing the Complaint with prejudice. Id. Defendant contends that it is not an owner, operator, landlord, or tenant of the Denny's Restaurant at issue in this action and therefore Plaintiff has failed to state a viable claim. (Document No. 15). Defendant also filed its "Answer and Affirmative Defenses" (Document No. 16) on February 2, 2010.

Plaintiff failed to file a timely response to Defendant's motion to dismiss. Out of an abundance of caution, and instead of granting the motion without further delay, the Court issued an Order (Document No. 17) on May 18, 2010, requiring Plaintiff to show cause, on or before June 1, 2010, as to why this action should not be dismissed.

On May 27, 2010, Plaintiff filed a "... Response To Order To Show Cause" (Document No. 18) describing a "mix-up" with a case in another district and requesting additional time to respond to Defendant's motion to dismiss. On June 1, 2010, the Court issued an Order (Document No. 20) allowing Plaintiff up to and including June 15, 2010, to file either a response to the motion to dismiss or a voluntary dismissal.

On June 15, 2010, Plaintiff filed a "Motion To File Amended Complaint" (Document No. 21), "Notice Of Voluntary Dismissal Without Prejudice As To Commercial Net Lease Realty LP, *Only*" (Document No. 22), and "Plaintiff's Response to Defendant Commercial Net Lease Realty LP, Ltd's Motion To Dismiss" (Document No. 23). The time allowed for Defendant to file a reply

regarding its motion to dismiss has lapsed and that motion is now ripe for review.[1] Although Plaintiff's motion to amend is not technically "ripe," the undersigned finds immediate disposition appropriate in light of all the circumstances of this case.

## II. DISCUSSION

Plaintiff's belated response to the pending motion to dismiss requests that the Court deny the motion as moot. (Document No. 23). Plaintiff's response is less than one page in length and expresses no opposition to, or disagreement with, the position articulated by Defendant in its motion to dismiss and supporting documents. Id. Specifically, Plaintiff raises no argument or challenge to refute Defendant's claim that it is *not* an owner, operator, or lessor of the premises at issue in the Complaint. Plaintiff's response simply contends that the motion to dismiss is moot following the filing of Plaintiff's "Notice Of Voluntary Dismissal Without Prejudice..." (Document No. 22).

The Court, however, finds that the "Notice Of Voluntary Dismissal..." is improper as filed. Pursuant to Fed.R.Civ.P. 41, "an action may be dismissed at plaintiff's request only by court order, on terms the court considers proper" unless the notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal is signed by all parties who have appeared." Fed.R.Civ.P. 41(a). In the instant action, Defendant filed and served its "Answer and Affirmative Defenses" on or about February 2, 2010; and furthermore, Plaintiff's "Notice Of Voluntary Dismissal..." fails to reflect a signed stipulation by all parties. As such, the "Notice Of Voluntary Dismissal..." is moot. Based on Plaintiff's failure to articulate any grounds for objection to the motion to dismiss, even after an extended period for response, and for good cause shown by Defendant, the motion to dismiss will be granted with prejudice .

---

[1] Pursuant to Local Rule 7.1(E) the filing of a reply brief is not mandatory, however, a movant declining to file a reply brief must so inform the Court and opposing counsel.

Plaintiff has also filed a "Motion To File Amended Complaint" (Document No. 21) in which it seeks to update its Complaint to add two new Defendants. A party seeking to amend its pleading 21 days after serving it, or 21 days after a service of a motion under 12(b), must have the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(a). "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15 (a)(2).

The motion to amend does not allege any relationship between the existing Defendant and the proposed new defendants. (Document No. 21). Plaintiff's motion to amend contends that there would be no undue prejudice upon the new Defendants as they would be served for the first time and that there is no bad faith involved in naming the correct defendants. Id. The motion, however, fails to adequately acknowledge the delay in naming the "correct" defendants, or the effect a complete exchange of defendants would have on the case. Among other things, the proposed amendment would moot the existing "Pretrial Order And Case Management Plan" and the current consent to magistrate jurisdiction. (Document Nos. 7 and 11).

The undersigned does not find that justice requires giving leave for the proposed amendment, particularly after such significant delay in this matter, and considering that the sole purpose of the amendment is the replacement of the current defendant with two new parties. Plaintiff fails to provide any reason why such amendment is preferable to filing a new suit against the proper parties.

Based on the foregoing, the undersigned finds that dismissal of this lawsuit in its entirety is appropriate.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Dismiss Complaint" (Document No. 13) is **GRANTED**, and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To File Amended Complaint"

4

(Document No. 21) is **DENIED**.

**SO ORDERED.**

Signed: June 30, 2010

David C. Keesler
United States Magistrate Judge